

**RECEIVED**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUL 17 2017 GA

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Andrew D. Cannata

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

John Baldwin, Randy Pfister,
Sgt. John Doe #1, Sgt. John Doe #2,
C/o O'Brien, C/o John Doe,
C/o Jane Doe, P/o John Doe,
P/o Jane Doe, I/A John Doe

_____

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

**1:17-cv-05273**
**Judge John Robert Blakey**
**Magistrate Judge Maria Valdez**

Case No:___ **PC 9**
(To be supplied by the Clerk of this Court)

CHECK ONE ONLY:

☒ COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983
U.S. Code (state, county, or municipal defendants)

_____ COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
28 SECTION 1331 U.S. Code (federal defendants)

_____ OTHER (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

I.  Plaintiff(s):

    A.  Name: Andrew D. Cannata

    B.  List all aliases: Andrue Cannata, Drue Cannata

    C.  Prisoner identification number: M53258

    D.  Place of present confinement: Illinois River Correctional Center

    E.  Address: P.O. Box 999, Canton IL 61520

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II.  Defendant(s):

(In A below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in B and C.)

    A.  Defendant: John Baldwin

        Title: Acting Director of Illinois Dept. of Corrections

        Place of Employment: Illinois Dept. of Corrections

    B.  Defendant: Randy Pfister

        Title: Warden

        Place of Employment: Stateville Northern Receiving Center

    C.  Defendant: Sgt. John Doe #1

        Title: Sergeant

        Place of Employment: Stateville Northern Receiving Center (NRC)

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

See attached

2

Revised 9/2007

D. Defendant: Sgt. John Doe #2
   Title: Sergeant
   P.O.E.: Stateville NRC

E. Defendant: C/o O'Brien
   Title: 3pm-11pm Correctional Officer
   P.O.E.: Stateville NRC

F. Defendant: C/o John Doe
   Title: 7am-3pm Correctional Officer
   P.O.E: Stateville NRC

G. Defendant: C/o Jane Doe
   Title: 7am-3pm Correctional Officer
   P.O.E.: Stateville NRC

H. Defendant: P/o John Doe
   Title: Placement Officer
   P.O.E.: Stateville NRC

I. Defendant: P/o Jane Doe
   Title: Placement Officer
   P.O.E.: Stateville NRC.

J. Defendant: I/A John Doe
Title: Internal Affairs Dept. Head
P.O. E.: Stateville NRC

III. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

A. Name of case and docket number: __N/A__

B. Approximate date of filing lawsuit: __N/A__

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: __N/A__

D. List all defendants: __N/A__

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): __N/A__

F. Name of judge to whom case was assigned: __N/A__

G. Basic claim made: __N/A__

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): __N/A__

I. Approximate date of disposition: __N/A__

IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.

Revised 9/2007

IV.    Statement of Claim:

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

1. On August 10th, 2016, I arrived at Stateville NRC on a court writ.

2. Upon arrival, I notified Defendant O'Brien of my concerns regarding who I will be placed in a cell with, due to my sexuality.

3. Defendant O'Brien told me "not to worry", that he would speak to his supervisors about the situation.

4. Approximately 1 hour later, I stopped Defendant O'Brien, again, and asked him if my concerns were being addressed.

5. Defendant O'Brien then told me "they (his supervisors) were looking into it", and told me, again, "not to worry about it".

6. I then asked Defendant O'Brien who his supervisors were, and if I

4

could speak with them directly.

7. Defendant O'Brien stated: "I don't know who they (his supervisors) are", and quickly walked away.

8. I never saw, nor spoke with, Defendant O'Brien again.

9. I was then assigned to cell block D

10. Before I arrived at my assigned cell, I voiced my concerns to Defendant Sgt. John Doe #1

11. Defendant Sgt. John Doe #1 told me to: "Stop crying and man up".

12. I was placed into cell 203 in Cell block D. I was alone in that cell.

13. The following day, (August 11th, 2016), I was told to pack up my stuff, I was being moved to cell 206, in cell block D, by Defendant C/o John Doe

14. I, once again, voiced my concerns to Defendant C/o John Doe. I was told to "hold on" while Defendant spoke with

See attached.                5

the on-shift supervisors.

15. Approximately 15 minutes later Defendant C/o John Doe returned.

16. Defendant C/o John Doe told me that the move to cell 206 was in place "per [Defendant] Sgt. John Doe #2's orders".

17. Despite my concerns, I was moved to cell 206 in cell block D, with inmate Tribble (M49033)

18. Tribble immediately began making homophobic remarks and threats, causing a measurable amount of stress in me.

19. On the same date (8/11/16), I began to write requests to the Placement Office, begging to be moved out of cell 206.

20. On the first request slip, I stated that I was: "Scared to death that something is gonna happen with my current cellmate". (Refer to Exhibit A).

21. I wrote to Defendant's P/o John Doe and P/o Jane Doe, <u>daily</u>, asking to be moved

22. On August 13th, 2016, I received a request slip (dated 8/12/16) back from Defendant P/o Jane Doe. (Refer to Exhibit B)

23. On the request slip, Defendant P/o Jane Doe wrote: "Offenders do not dictate with whom and where they are housed."

24. Upon information and belief, Defendant P/o Jane Doe ignored my pleas not to have the situation "escalate any further".

25. On August 15th, 2016, at approx. 5 am (after breakfast, but before shift change), I, thinking I was dreaming, felt something touch my butt. I soon realized it was not a dream, but Tribble groping my butt.

26. I ignored it, in fear that it would escalate, after a number of

seconds, it stopped.

27. Believing it to be over, I went back to sleep.

28. The next thing I knew, Tribble had hopped up onto the top bunk with me.

29. Tribble then pushed me onto my stomach, causing my arms to be trapped beneath me.

30. Tribble then pushed his hand into the back of my neck, making it hard to breathe, and rendering me immobile.

31. Tribble used his other hand to pull down my underwear.

32. Tribble then began forcing his penis into my anal cavity

33. After trying several times, unsuccessfully, to penetrate me, Tribble told me to: "Stop clenching or this will hurt more".

34. Tribble then forced himself fully into me, and began forcibally having sexual intercourse with me.

35. This went on for several minutes, but to me, felt like hours.

36. Tribble, presumably, ejaculated inside my anal cavity.

37. Tribble got down off the top bunk, got into his bunk, then told me: "You tell anyone, I will find you and kill you."

38. After recovering, slightly, from the shock of what had just happened to me, I took off my soiled (with blood, feces, and possibly semen) boxers and placed them in a plastic bag.

39. At approx. 12:30pm (on the same date, 8/15/16), Tribble was notified that he had a visit.

40. After Tribble left for his visit, at approx. 1:15pm, I stopped Defendant C/o Jane Doe (as she walked by my cell), and informed her of the assault, and asked her to be moved.

41. Defendant C/o Jane Doe took

down my name, IDOC #, cell location, and told me she would "be right back".

42. I never saw Defendant C/o Jane Doe again.

43. I then wrote Defendant Randy Pfister explaining about the incident, and the threat to my life. I also inquired why certain protocals were not followed. (Refer to Exhibit C).

44. The following day (August 16th, 2016), after dinner, Tribble began threatening me, and staff, to have me moved.

45. Tribble pressed the emergency button several times, and told the answering officers that he: "shouldn't be housed with a fag, this man [ME] belongs on A-wing".

46. After several intense hours of being threatened by Tribble, I cried out to a sergeant. I simply stated: "Please

just move me."

47. Tribble then had an altercation with the same sergeant over an open "Chuck hole."

48. I was then moved to cell block E, cell 305.

49. It had been 30 (more or less) hours after I had reported the sexual assault to Defendant C/o Jane Doe, and Defendant Randy Pfister via request slip. (Exhibit C)

50. On August 18th, 2016, I received a response from Defendant P/o John Doe, on the request dated August 11th, 2016. (Refer to Exhibit A.)

51. Defendant P/o John Doe's response to the August 11th request was: "you are now moved in Edward. You can't dictate where you will be housed."

52. On August 19th, 2016, I wrote a request slip to Internal Affairs (Defendant I/A

John Doe) about the sexual assault that occured four days prior. (Refer to Exhibit D).

53. On August 22nd, 2016, I wrote, and submitted, a grievance to NRC Staff on their disregard of PREA Protocals, after receiving no response from Defendant Randy Pfister. (Refer to Exhibit E).

54. On August 23rd, 2016, I sent Internal Affairs, at Stateville NRC, another copy of the August 19th, 2016, request slip with a slight change in the line: "I am leaving in a couple days...," changed to: "I am leaving tomorrow..." (Exhibit D).

55. On August 24th, 2016, I was transferred back to my parent institution (at the time), Lawrence Correctional Center (Lawrence C.C.)

56. Upon arrival at Lawrence C.C., I was immediately taken off the transfer bus by Lawrence C.C. Internal

Affairs.

57. A report was then written about the incident that occured on August 15th, 2016.

58. I was never seen by medical staff at Stateville NRC.

59. Upon information and belief, the Prison Rape Elimination Act (P.R.E.A.) Protocals require staff to notify the shift commander, the victim to be seen by medical staff, and the victim to be removed from the situation (if needed).

60. None of these protocals were followed by the Defendants.

## Conclusory Statement

61. Upon information and belief, Defendant John Baldwin is responsible for enforcing policies and procedures put in place by himself, the I.D.O.C., the State of Illinois, and the United States

Government. Failure to make
certain these policies were followed
makes him liable.

62.　　Upon information and belief,
Defendant Randy Pfister did not
enforce the requirement of prison
staff at Stateville NRC to follow
policies and procedures put in place
by himself, the I.D.O.C., the
State of Illinois, and the United
States Government. He is responsible
for enforcing these procedures as
the Warden of Stateville NRC.

63.　　Upon information and belief,
Defendant Randy Pfister did not
take the request slip sent to
him, by me, seriously or ignored
it.

64.　　Upon information and belief,
Defendants C/o O'Brien, and
C/o John Doe ignored my concerns
about who I was being placed
with, which ultimately led to
me being sexually assaulted.

65. Upon information and belief, Defendants Sgt. John Doe #1, and Sgt. John Doe #2 blatently ignored my plights and placed me into the cell with inmate Tribble

66. Upon information and belief, Defendants P/o John Doe and P/o Jane Doe, did not review my, and Tribble's, master file in its entirety, before placing me (a small in stature, known homosexual) into a cell with a known gang member, staff assaultor, and violent offender.

67. Upon information and belief, Defendants P/o John Doe and P/o Jane Doe ignored my pleas to be moved out of the cell with Tribble, even though I voiced concerns for my personal safety numerous times.

68. Upon information and belief, Defendant I/A John Doe ignored

my request slips that were written to notify him of the sexual assault and staff disregard of PREA Protocals, that occured on August 15th, 2016. As the head of Internal Affairs he is responsible for security of inmates, and all correctional staff.

69.   Upon information and belief, Defendant C/o Jane Doe did not follow PREA Protocals. She did this by:

1. Failing to notify the shift commander of the reported sexual assault.

2. Failing to bring the victim (me) to be seen by medical staff.

3. Failing to remove the victim (me) from the situation, leaving me in the cell with my assaultor for an additional 30 (more or less) hours after I reported the Sexual assault.

70.   For these reasons, and the

reasons listed in paragraphs 1-60, I am suing said defendants individually, and in their official capacities, for the violation of my 8th Amendment right to Personal safety, my 14th Amendment due process right, and their deliberate indifference to those rights.

V.   Relief:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

A. A declaration that the acts and omissions described herein violated my rights under the Constitution and laws of the United States.

B. A preliminary and permanent injunction ordering the Illinois Department (see attached)

VI.   The plaintiff demands that the case be tried by a jury.   ☒ YES   ☐ NO

CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this 12th day of July, 20 17

Andrew D. Cannata
(Signature of plaintiff or plaintiffs)

Andrew D. Cannata
(Print name)

M53258
(I.D. Number)

Illinois River Correctional Center

1300 W. Locust St / P.O. Box 999

Canton, Illinois 61520
(Address)

6                                                                 Revised 9/2007

of Corrections to prohibit me from
returning to Stateville NRC.
   C. A permanent injunction
ordering Defendants John Baldwin,
and Randy Pfister, to use any
means necessary (i.e. write ups,
suspensions, terminations) to enforce
the following of all policies and
Procedures, including PREA protocals.
   D. A permanent injunction ordering
Defendant Randy Pfister to
increase supervison on cell blocks
by increasing staff to patrol them,
or by holding officers accountable
for policing the cell blocks more
frequently (i.e. "doing their rounds", by
installing an electronic check-in system)
   E. A permanent injunction
ordering Defendant Randy Pfister to
implement a new policy requiring
Placement officers to review all
offender master files, in their
entirety, before placing offenders.
   F. Compensatory damages in

the amount of $500,000 against each Defendant jointly.

 G. Punitive damages in the amount of $100,000 against each Defendant individually.

 H. A jury trial on all issues triable by jury.

 I. Plaintiff's costs in this suit.

 J. Any additional relief this Court deems just, proper, and equitable.

(Exhibit A)

**ILLINOIS DEPARTMENT OF CORRECTIONS**

## Offender Request

E 305

Offender Name: Andrew Cannata    ID #: M53258    Living Unit: D-206

Job Assignment: _____    Shift: _____

**Please refer to the directory located in your orientation manual and address proper personnel.**

To: Placement office

I request ☐ interview ☐ cell assignment ☐ visit ☐ Trust Fund ☐ purchase ☐ other (specify) _____

for the purpose of (explain): I don't understand why I was moved from D-203 to D-206. I am gay and have my husbands name tattoo'd on my chest. It makes life →

_____    8/11/12
Offender's Signature    Date

**DO NOT WRITE BELOW THIS LINE**

Remarks by staff (if necessary): _____    Remarks by supervisor (if necessary): _____

You are now moved in Edward. You cant dictate where you will be housed.

_____    _____
Print Staff Name    Print Supervisor Name

_____    _____    _____    _____
Staff Signature    Date    Supervisor Signature    Date

Distribution: Affected Unit    DOC 0286 (Rev. 4/2010)

*Printed on Recycled Paper*

extremely

D-203. If there is anyway to, I would like to move in with Steven Nicholson. He' knows about my sexuality and doesn't care. I'm scared to death that something is gonna happen with my current cellmate if he finds out. Please move me in with Steven Nicholson

<u>Offender Request Slip</u>

Offenders do not dictate with whom and where they are housed.

Name: Andrew Cannata    ID#: M53258    LOC: D-206

TO: Placement office

You have to get me out of this cell. My current cellmate has made it perfectly clear he does not wish to live with a homosexual. While he doesn't know I am one yet it's only a matter of time. Please, move me! I am begging to be put in the cell over

_____
Signature

8/12/16
Date

With Steven Nicholson. But at the very least please move me into a cell with a non-gang member. Preferably white. The easiest thing for me would to be housed with Mr. Nicholson. Him and I get along, he's straight, and doesn't care about my sexuality. Please. I don't want this to escalate any further.

#Copy# (Exhibit C) Inmate Request Slip to Warden Randy Pfister on 8/15/16, via

Hello sir, my name is Andrew Cannata. This morning sometime after breakfast, I was woken up to my cellmate (Tribble M49033) grabbing my butt. Thinking I was dreaming I ~~was~~ fell back asleep. The next time I was woken up, inmate Tribble had me pinned on my belly and then forced himself inside of me. I resisted as much as I could but couldn't get him off of me. When he was finished he told me if I told anyone he would kill me. I waited till he was asleep, took my boxers off and put them in a plastic bag. I had written numerous requests to placement to get me out of this cell, only to be told "Inmates do not dictate with whom and where they are housed". Upon arriving @ NRC, I told c/o O'brien that I was homosexual and I was scared who they would

Put me in with. This afternoon while inmate Tribble (M49033) was

on a visit, I told the female C/O that was working our
wing, that my cellmate assulted me, and begged her to move
move me. She took down my name + #, and told me she would
be back. She never returned. According to the NRC Inmate
handbook, the C/O is required to report such incidents.
immediately, and get me medical attention. Neither of
those things happened. I don't understand why these
procedures are in place, when they are not utilized.
And I don't understand why placement wouldn't
listen to my plea's to be moved. This incident should
have never occured in the 1st place. I will be writing
I.A., as well as PREA, and possibly hiring an attorny.
As the warden, I hope we can resolve this issue
b4 legal matters have to be had. I will keep the evidence (soiled boxers) in
the plastic bag but I cannot sit in this cell with this man after

he raped me. I hope you take this seriously; cause this turn of events is unacceptable. Period. Especially since this incident could have been avoided. Thank you for your time.

As always, this book is for my family.

And also to my incredible fans. You made this adventure possible.

Sé our suerder sitja twass!

Continued from Yellow
Paper. Sent to Warden Pfister
8/15/16

(Exhibit C cont'd)

Name: Andrew Cannata ID#: M53258 Loc: D-206

To: Mental Health

I need to speak with someone ASAP reguarding an incident that occured this morning (8/15/16) Thank you.

8/15/16

(Exhibit D)

Written to NRC I.A. on 8/19/16 via Offender Request

Resent 8/23/16

Hello my name is Andrew Cannata. On 8/15/16, my old cellmate, Inmate Tribble (M49033) sexually assaulted me. I wrote to the Warden, AFTER I notified the female C/O working our wing (D-Wing) of the assault. She wrote down my name and # and said she would be right back. According to the NRC Offender handbook all/any staff member I notify is to immediately report the incident and provide me with Medical attention. Neither of those things happened. I do not understand why none of this was handled. I am leaving in a couple days back to my home joint (Lawrence) where I will be contacting PREA, and an attorney. I have my soiled boxers in a plastic bag. It has blood, semen, and feces in it. I will keep it wrapped up like that until it is collected by the proper authorities I will also be in contact with Lawrence's I.A. C/o Haugh about the incident. I have tried numerous times to get/speak with someone to no avail. Thank you for your time.

Printed on Recycled Paper

☐ Check **only** if this is an **EMERGENCY** grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____     _____     __/__/__
           Offender's Signature                ID#           Date

**(Continue on reverse side if necessary)**

### Counselor's Response (if applicable)

**Date Received:** ___/___/___    ☐ Send directly to Grievance Officer    ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

**Response:** _____

_____

_____

_____

_____

_____    _____    __/__/__
       Print Counselor's Name          Counselor's Signature        Date of Response

### EMERGENCY REVIEW

**Date Received:** ___/___/___    Is this determined to be of an emergency nature?    ☐ Yes; expedite emergency grievance
☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____                      __/__/__
     Chief Administrative Officer's Signature            Date

( Exhibit E )

**ILLINOIS DEPARTMENT OF CORRECTIONS**

## OFFENDER'S GRIEVANCE

| Date: 8/22/16 | Offender: (Please Print) Andrew Cannata | ID#: M53258 |
|---|---|---|

| Present Facility: Stateville NRC | Facility where grievance issue occurred: Stateville NRC |
|---|---|

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☒ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☒ Medical Treatment
- ☐ ADA Disability Accommodation
- ☐ HIPAA
- ☒ Other (specify): PREA Protocol

☐ Disciplinary Report: ____/____/____ _____
   Date of Report          Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

   **Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
   **Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
   **Chief Administrative Officer,** only if EMERGENCY grievance.
   **Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved): On August 15, 2016 at approximately 5 Am, I was awoken by inmate Tribble M49033 (My cellmate at Stateville Northern Receiving Center) groping my buttox. I ignored it, in fear that it would escalate. The next thing I knew, inmate Tribble had hopped up onto the top bunk with me, and forced me onto my stomach. He then proceeded to pull my boxers down and forcefully penetrated me anally. At one point during the attack, he told me: "Stop clenching or it will hurt more." After what seemed like hours, he finished and hopped down

**Relief Requested:** To be seen by medical staff, and to be reviewed per PREA protocals.

☐ Check **only** if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____    M53258    8/22/16
Offender's Signature                    ID#        Date

**(Continue on reverse side if necessary)**

---

| **Counselor's Response** (if applicable) | |
|---|---|

Date Received: ____/____/____   ☐ Send directly to Grievance Officer   ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

_____

_____

_____

_____

_____    _____    ____/____/____
Print Counselor's Name          Counselor's Signature          Date of Response

---

| **EMERGENCY REVIEW** | |
|---|---|

Date Received: ____/____/____   Is this determined to be of an emergency nature?

☐ Yes; expedite emergency grievance
☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____    ____/____/____
Chief Administrative Officer's Signature    Date

off the bunk. He got into his bunk and went to sleep. After making sure he was asleep, I took my soiled boxers off and place them in a plastic bag. At approximately 12:30 pm, inmate Tribble was notified that he had a visit, about 10 minutes later he left for said visit. At approximately 1:15 pm, I stopped a blonde, caucasian, Correctional Officer and told her about the sexual assault. She took down my name, IDOC number, and cell location (D wing, Cell 206) and told me she would be right back. She never returned. I was left in the cell with the man that attacked me, for an additional 30 hours or more. None of the PREA protocals were followed. The shift Commander was not notified, I was not seen by medical staff, and I was not removed from the situation. It wasn't until inmate Tribble got frustrated with my silence, and started threatening me, and staff, that I was finally moved. I wrote to the warden (Randy Pfister), and Internal Affairs about the incident, and have heard nothing to this day.