# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANDREW DOMINIC CANNATA, ) | |
| ) | No. 17 C 5273 |
| Plaintiff, ) | |
| ) | Hon. John Robert Blakey |
| vs. ) | Judge Presiding |
| ) | |
| RANDY PFISTER, ) | |
| ) | |
| Defendant. ) | |

## ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

NOW COME defendants EVA AGUERO, KENYON BAILEY, BRITNEY BROWN, ERIC CHEFFER, DEBORAH GOMEZ, ALLAN HOPKINS, DANIELLE MORALES, ALVARA MUNOZ, ETHAN OLSON, CHRISTIAN ONTIVEROS, KIMBERLY PATRICK, RANDY PFISTER, JASON RICE, VIRGINIA SELLERS, TAWANDA SHACK, AMY SLATTERY, MEGAN TERRY and SYDNEY WILLIAMS by and through their attorney LISA MADIGAN, Attorney General of the State of Illinois, and for their Answer to Plaintiff's First Amended Complaint state the following:

## COUNT I
## FAILURE TO PROTECT PRIOR TO FIRST SEXUAL ASSAULT
## THAT OCCURRED ON AUGUST 15, 2016

1. This is an action brought pursuant to 42 U.S.C. §1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the Eighth and Fourteenth Amendments to the United States Constitution and the laws of the State of Illinois to redress deprivations of the civil rights of the Plaintiff, ANDREW CANNATA and accomplished by acts and/or of the Defendants, C/O CHRISTIAN ONTIVEROS, SGT. KENYON BAILEY, DEBORAH GOMEZ, MEGAN TERRY, TAWANDA SHACK, ERIC CHEFFER, ETHAN OLSON, BRITNEY BROWN, JASON RICE, ALLAN HOPKINS, ALVARA MUNOZ, EVA AGUERO, MEGAN TERRY, VIRGINIA SELLERS, C/O KIMBERLY PATRICK, C/O SYDNEY WILLIAMS, C/O

DANIELLE MORALES, C/O AMY SLATTERY, JOHN DOE PRISON EMPLOYEES, and JANE DOE CORRECTIONAL OFFICER, committed under color of law.

**ANSWER**: Admit.

2. Jurisdiction is based on Title 28 U.S.C. §1343 and §1331 and supplemental jurisdiction of the State of Illinois.

**ANSWER**: Admit.

3. The Plaintiff, ANDREW CANNATA, was at all relevant times, a resident of the State of Illinois and incarcerated at Stateville Correctional Center.

**ANSWER**: Defendants Admit Plaintiff was incarcerated at all times relevant but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the above paragraph.

4. The Defendants, C/O CHRISTIAN ONTIVEROS, SGT. KENYON BAILEY, DEBORAH GOMEZ, MEGAN TERRY, TAWANDA SHACK, ERIC CHEFFER, ETHAN OLSON, BRITNEY BROWN, JASON RICE, ALLAN HOPKINS, ALVARA MUNOZ, EVA AGUERO, MEGAN TERRY, VIRGINIA SELLERS, C/O KIMBERLY PATRICK, C/O SYDNEY WILLIAMS, C/O DANIELLE MORALES, C/O AMY SLATTERY, JOHN DOE PRISON EMPLOYEES, JANE DOE CORRECTIONAL OFFICER and WARDEN PFISTER were at all relevant times correctional employees who worked at Statesville Correctional Center.

**ANSWER**: Admit.

5. On or about August 10, 2016, the Plaintiff was transferred to the Northern Reception Center located at Stateville Correctional Center. Prior to his cell placement, Plaintiff notified C/O O'Brien that he was concerned about his cell placement due to his sexuality. C/O O'Brien told the Plaintiff that his supervisors would research his situation and get back to him. Afterward, the Plaintiff was put in a cell by himself in Cell Block D.

**ANSWER**: Admit Plaintiff was transferred to the NRC on August 10, 2016 and deny the remaining allegations in the above paragraph.

6. On or about August 11, 2016 the Plaintiff was told by Defendant C/O CHRISTIAN ONTIVEROS that he was to be moved to a different cell. At this point, the Plaintiff informed the Defendant, C/O CHRISTIAN ONTIVEROS that he was concerned about his cell placement due to his sexuality. The Defendant C/O CHRISTIAN ONTIVEROS left to speak to his supervisor Defendant SGT. KENYON BAILEY. When Defendant C/O CHRISTIAN ONTIVEROS returned after speaking to Defendant SGT. KENYON BAILEY, he told the Plaintiff that the order to move to a different cell was per Defendant SGT. KENYON BAILEY'S orders.

**ANSWER:** Defendants admit Plaintiff was transferred to a different cell on August 11, 2016 and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the above paragraph.

7. The Plaintiff was moved to a cell with cellmate named Tribble, who immediately began to making homophobic remarks and threats.

**ANSWER:** Defendants admit that Plaintiff was transferred to a cell with inmate Tribble but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the above paragraph.

8. Immediately after placement on August 11, 2016 till August 15, 2016, the Plaintiff wrote numerous requests to Defendants Placement Officers, DEBORAH GOMEZ, MEGAN TERRY, TAWANDA SHACK, ERIC CHEFFER, ETHAN OLSON, BRITNEY BROWN, JASON RICE, ALLAN HOPKINS, ALVARA MUNOZ, EVA AGUERO, MEGAN TERRY, VIRGINIA SELLERS, JOHN DOE PRISON EMPLOYEES asking to be removed because his cellmate Tribble made it clear he did not want to be housed with a homosexual, that his personal safety was an issue and that the Plaintiff, ANDREW CANNATA was alarmed and scared to death.

**ANSWER:** Deny.

9. During the morning of August 15, 2016, Tribble raped the Plaintiff.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the above paragraph.

10. Defendants, C/O CHRISTIAN ONTIVEROS, SGT. KENYON BAILEY, DEBORAH GOMEZ, MEGAN TERRY, TAWANDA SHACK, ERIC CHEFFER, ETHAN OLSON, BRITNEY BROWN, JASON RICE, ALLAN HOPKINS, ALVARA MUNOZ, EVA AGUERO, MEGAN TERRY, VIRGINIA SELLERS, and JOHN DOE PRISON EMPLOYEES were made aware by the Plaintiff that there was a strong likelihood that he would be seriously harmed by inmate Tribble.

**ANSWER:** Deny.


11. Because the Defendants C/O CHRISTIAN ONTIVEROS, SGT. KENYON BAILEY, DEBORAH GOMEZ, MEGAN TERRY, TAWANDA SHACK, ERIC CHEFFER, ETHAN OLSON, BRITNEY BROWN, JASON RICE, ALLAN HOPKINS, ALVARA MUNOZ, EVA AGUERO, MEGAN TERRY, VIRGINIA SELLERS and JOHN DOE PRISON EMPLOYEES were aware of this strong likelihood of an assault, they consciously failed to take reasonable measure to prevent the rape of the Plaintiff.

**ANSWER:** Deny.


12. Had Defendants, C/O CHRISTIAN ONTIVEROS, SGT. KENYON BAILEY, DEBORAH GOMEZ, MEGAN TERRY, TAWANDA SHACK, ERIC CHEFFER, ETHAN OLSON, BRITNEY BROWN, JASON RICE, ALLAN HOPKINS, ALVARA MUNOZ, EVA AGUERO, MEGAN TERRY, VIRGINIA SELLERS and JOHN DOE PRISON EMPLOYEES taken reasonable measures to prevent the rape of the Plaintiff, the Plaintiff would not have been harmed by Inmate Tribble on August 15, 2016 and hence failed to protect the Plaintiff from this assault.

**ANSWER:** Deny.


13. As a result of the actions of the Defendants, the Plaintiff, ANDREW CANNATA, suffered fear, anxiety, pain, suffering and emotional distress and future permanent injury.

**ANSWER:** Deny.


WHEREFORE, the Plaintiff, ANDREW CANNATA, prays for judgment against the Defendants, C/O CHRISTIAN ONTIVEROS, SGT. KENYON BAILEY, DEBORAH GOMEZ, MEGAN TERRY, TAWANDA SHACK, ERIC CHEFFER, ETHAN OLSON, BRITNEY BROWN, JASON RICE, ALLAN HOPKINS, ALVARA MUNOZ, EVA AGUERO, MEGAN

TERRY, VIRGINIA SELLERS and JOHN DOE PRISON EMPLOYEES, for fair and reasonable compensatory damages, reasonable punitive damages, plus attorneys' fees and costs.

**ANSWER:** Deny.

## COUNT II
## FAILURE TO PROTECT AFTER THE AUGUST 15, 2016 SEXUAL ASSAULT

1-13. The Plaintiff, ANDREW CANNATA hereby re-alleges and incorporates his allegations of paragraphs 1-13 of Count I as his respective allegations of paragraphs 1-12 of Count II as though fully set forth herein.

**ANSWER:** Defendants restate their answers to paragraphs 1-12 as though fully set forth herein.

14. After inmate Tribble left Plaintiff's cell in the afternoon of August 15, 2016, the Plaintiff Andrew Cannata told Defendant C/O KIMBERLY PATRICK, C/O SYDNEY WILLIAMS, C/O DANIELLE MORALES, C/O AMY SLATTERY or JANE DOE CORRECTIONAL OFFICER that inmate Tribble had raped him, caused him physical injury, and begged her to move him immediately. Defendant, C/O KIMBERLY PATRICK, SYDNEY WILLIAMS, C/O DANIELLE MORALES, C/O AMY SLATTERY, or JANE DOE CORRECTIONAL OFFICER took the Plaintiff's name and prison identification number and told him that she would return. However, the Plaintiff never saw Defendant C/O KIMBERLY PATRICK, C/O SYDNEY WILLIAMS, C/O DANIELLE MORALES, C/O AMY SLATTERY, or JANE DOE CORRECTIONAL OFFICER again.

**ANSWER:** Deny.

15. After the Plaintiff spoke to Defendant C/O KIMBERLY PATRICK, SYDNEY WILLIAMS, C/O DANIELLE MORALES, C/O AMY SLATTERY, or JANE DOE CORRECTIONAL OFFICER in the afternoon of August 15, 2016, the Plaintiff wrote a letter to Defendant WARDEN PFISTER detailing the rape and that Defendant C/O KIMBERLY PATRICK, C/O SYDNEY WILLIAMS, C/O DANIELLE MORALES, C/O AMY SLATTERY, or JANE DOE CORRECTIONAL OFFICER was required to provide him medical attention. Upon information and belief, this letter was received by Defendant, WARDEN PFISTER sometime on August 15, 2016.

**ANSWER:** Deny.

16. On August 16, 2016, the Plaintiff was sexually assault by inmate Tribble again.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the above paragraph.


17. Defendants C/O KIMBERLY PATRICK, C/O SYDNEY WILLIAMS, C/O DANIELLE MORALES, C/O AMY SLATTERY, JANE DOE CORRECTIONAL OFFICER, and WARDEN PFISTER were made aware by the Plaintiff that he was raped by inmate Tribble, that inmate Tribble was still housed with the Plaintiff on August 15, 2016 and hence that there was a strong likelihood that the Plaintiff would be seriously harmed by inmate Tribble again.

**ANSWER:** Deny.


18. Because the Defendants C/O KIMBERLY PATRICK, C/O SYDNEY WILLIAMS, C/O DANIELLE MORALES, C/O AMY SLATTERY, JANE DOE CORRECTIONAL OFFICER and WARDEN PFISTER were aware of this strong likelihood of an assault, they consciously failed to take reasonable measure to prevent the second sexual assault of the Plaintiff on August 16, 2016.

**ANSWER:** Deny.


19. Had the Defendants C/O KIMBERLY PATRICK, C/O SYDNEY WILLIAMS, C/O DANIELLE MORALES, C/O AMY SLATTERY, JANE DOE CORRECTIONAL OFFICER and WARDEN PFISTER taken reasonable measures to prevent the rape of the Plaintiff, the Plaintiff would not have been sexually assaulted by inmate Tribble on August 16, 2016 and hence failed to protect the Plaintiff from this second sexual assault.

**ANSWER:** Deny.


20. As a result of the actions of the Defendants, the Plaintiff, ANDREW CANNATA, suffered fear, anxiety, pain, suffering and emotional distress and future permanent suffering.

**ANSWER:** Deny.

WHEREFORE, the Plaintiff, ANDREW CANNATA prays for judgment in his favor and against Defendants C/O KIMBERLY PATRICK, C/O SYDNEY WILLIAMS, C/O DANIELLE MORALES, C/O AMY SLATTERY, JANE DOE CORRECTIONAL OFFICER, and WARDEN PFISTER, jointly and severally, in an amount of fair and reasonable compensatory damages, punitive damages, plus attorneys' fees and costs.

**ANSWER:** Deny.

### COUNT III – DELIBERATE INDIFFERENCE TO MEDICAL CARE

1-20. The Plaintiff, ANDREW CANNATA hereby re-alleges and incorporates his allegations of paragraphs 1-12 of Count I and his allegations of paragraphs 13-19 of Count II as his respective allegations of paragraphs 1-20 of Count III as though fully set forth herein.

**ANSWER:** Defendants restate their answers to paragraphs 1-19 as though set forth fully herein.

21. In the afternoon of August 15, 2016 the Plaintiff spoke in person to Defendant C/O KIMBERLY PATRICK, C/O SYDNEY WILLIAMS, C/O DANIELLE MORALES, C/O AMY SLATTERY or JANE DOE CORRECTIONAL OFFICER that inmate Tribble had caused him physical injury as a result of raping him and that he needed medical care for said injury. Defendant C/O KIMBERLY PATRICK, C/O SYDNEY WILLIAMS, C/O DANIELLE MORALES, C/O AMY SLATTERY or JANE DOE CORRECTIONAL OFFICER never obtained medical care for the Plaintiff.

**ANSWER:** Deny.

22. After the Plaintiff spoke in person to Defendant C/O KIMBERLY PATRICK, C/O SYDNEY WILLIAMS, C/O DANIELLE MORALES, C/O AMY SLATTERY or JANE DOE CORRECTIONAL OFFICER, he wrote a letter to Defendant, WARDEN PFISTER detailing the rape and that Defendant C/O KIMBERLY PATRICK, C/O SYDNEY WILLIAMS, C/O DANIELLE MORALES, C/O AMY SLATTERY, or JANE DOE CORRECTIONAL OFFICER was required to provide him medical attention. Defendant WARDEN PFISTER never obtained medical care for the Plaintiff in regards to his injury.

**ANSWER:** Deny.

23. In fact, the Plaintiff ANDREW CANNATA never received any medical care for the injuries he sustained on August 15, 2016 for his entire duration at the Northern Reception Center located at the Stateville Correctional Center.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the above paragraph.

24. The Defendants were not only aware of the Plaintiff's medical needs, but also the necessary medical accommodations that would prevent his suffering, yet the Defendants refused to accommodate the Plaintiff, and directly caused him extreme pain and suffering. Therefore, the Defendants exhibited deliberate indifference to the medical needs of the Plaintiff.

**ANSWER:** Deny.

25. As a direct and proximate result of the Defendants' failure to provide adequate medical care, the Plaintiff was unlawfully subjected to an unreasonable risk of serious harm and suffered damages as a result, both mentally and physically.

**ANSWER:** Deny.

25. The actions of the Defendants were intentional, willful and wanton. WHEREFORE, the Plaintiff, ANDREW CANNATA prays for judgment in his favor and against the Defendants, C/O CHRISTIAN ONTIVEROS, SGT. KENYON BAILEY, DEBORAH GOMEZ, MEGAN TERRY, TAWANDA SHACK, ERIC CHEFFER, ETHAN OLSON, BRITNEY BROWN, JASON RICE, ALLAN HOPKINS, ALVARA MUNOZ, EVA AGUERO, MEGAN TERRY, VIRGINIA SELLERS, C/O KIMBERLY PATRICK, C/O SYDNEY WILLIAMS, C/O DANIELLE MORALES, C/O AMY SLATTERY, JOHN DOE PRISON EMPLOYEES, JANE DOE CORRECTIONAL OFFICER in their individual capacities, and WARDEN PFISTER individually jointly and severally, in an amount of fair and reasonable compensatory damages, punitive damages, plus attorneys' fees and costs.

**ANSWER:** Deny.

# JURY DEMAND

The Plaintiff, ANDREW CANNATA, hereby requests a trial by jury.

## GENERAL DENIAL

Defendants deny each and every allegation not specifically admitted herein.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

At all times relevant herein, Defendants acted in good faith and in furtherance of lawful objectives without violating Plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known. Defendants are therefore protected from suit by the doctrine of qualified immunity.

### Second Affirmative Defense

Defendant's personal involvement has not been established with sufficient specificity to state a claim upon which relief can be granted.

### Third Affirmative Defense

Plaintiff has not exhausted available administrative remedies as required by 42 U.S.C. 1997(e) and therefore, his complaint should be dismissed.

### Fourth Affirmative Defense

Plaintiff's claims that are beyond the two year statute of limitation should be dismissed.

### Fifth Affirmative Defense

Plaintiff has failed to state a claim upon which relief may be granted.

# JURY DEMAND

Defendants demand a trial by jury on all issues herein triable.

Respectfully submitted,

LISA MADIGAN
Attorney General of Illinois     By:   s/James P. Doran
                                       JAMES P. DORAN
                                       Assistant Attorney General
                                       General Law Bureau
                                       100 W. Randolph St., 13th Fl.
                                       Chicago, Illinois 60601
                                       (312) 814-7202
                                       Jdoran@atg.state.il.us